IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MARK WHITAKER,**

            *Plaintiff*,

    v.

**CITY OF PHILADELPHIA, et. al.,**

            *Defendants*.

Case No. 5:20-cv-03413-JDW

### MEMORANDUM

Mark Whitaker's reconsideration motion fails at every turn. It is procedurally improper, it ignores key aspects of the Court's summary judgment ruling, and it is an inappropriate attempt to argue matters that Mr. Whitaker could have raised when the motion first arose. The Court will not give him an extra bite at the apple.

A court may reconsider a prior ruling if the moving party shows (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Romero v. Allstate Ins. Co.*, 1 F. Supp.3d 319, 420 (E.D. Pa. 2014). Courts should only grant reconsideration "sparingly." *Id.* A motion for reconsideration may not be used to give a litigant a "second bite at the apple" on an argument on which it did not prevail the first time. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). For purposes of a reconsideration motion, the term "new evidence" does not refer to evidence that a party submits to the court after

an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. *See Blystone v.* Horn, 664 F.3d 397, 415-16 (3d Cir. 2011.) Evidence that is not newly discovered cannot provide the basis for a successful motion for reconsideration. *See id.* at 416.

Mr. Whitaker's motion fails for at least three reasons. *First*, it's too late. Local Rule of Civil Procedure 7.1(g) requires parties to file motions for reconsideration (other than under Fed. R. Civ. P. 59(e)) within 14 days of the order at issue. *See* L.R. Civ. P. 7.1(g). Mr. Whitaker missed that deadline, and he admits as much. He points out that the Court has the power to excuse his late filing and asks the Court to do so, but he offers no explanation for missing the deadline. Instead, he just argues that a "court's interest in correcting potential factual or legal errors provides it with a sound basis to deviate from the requirements of a local rule …." (ECF No. 40 at 3.) Of course, that's the basis for almost every reconsideration motion, so if it were a basis to excuse noncompliance, then the rule would almost never apply. A party seeking to be excused from a rule's requirements must make some showing of good cause to justify his request, and Mr. Whitaker has not done so. The Court need not consider his untimely motion.

*Second*, Mr. Whitaker bases his Motion on evidence that he had, and could have presented to the Court, when he opposed summary judgment the first time. On April 27, 2021, Mr. Whitaker's counsel received an email from counsel for Abdul Lee Stewart, informing the lawyers in this case that Mr. Stewart would invoke his Fifth Amendment right and refuse to testify in this case. Mr. Whitaker had that email when

he filed his summary judgment opposition on August 31, 2021. It is therefore not new evidence, as Mr. Whitaker acknowledges. It is not clear why Mr. Whitaker did not submit this email if he thought it could "have made a difference in the Court's determination …." (*Id.* at 5.) But the fact remains that Mr. Whitaker did not submit that email, and he cannot use a reconsideration motion as a basis to revisit that decision.

*Third*, and finally, Mr. Whitaker ignores a key aspect of the Court's summary judgment decision. Mr. Whitaker claims that it is "clear that [Mr.] Stewart testified at Plaintiff's re-trial … that his prior testimony was the product of police coercion." (*Id.*) But in its summary judgment ruling, the Court held that Mr. Whitaker had no admissible evidence to establish the substance of Mr. Stewart's testimony during Mr. Whitaker's retrial. (ECF No. 38 at 6.) Mr. Whitaker acts as though that ruling didn't happen, but it did. And the effect of that ruling remains the same: the Court has no basis to conclude that a factual dispute exists concerning any of Mr. Whitaker's claims.

Because Mr. Whitaker's Motion does not give the Court a basis to revisit its prior decision, the Court will not reconsider its summary judgment decision. An appropriate Order denying reconsideration follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

January 3, 2022